**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **NOUVELLE FOODS INTERNATIONAL LTD.** | : | **Case No. 17-10733 (JLG)** |
|  | : |  |
|  | : | **(Joint Administration Requested)** |
| Debtor. | : |  |

---------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : |  |
| **GOLDEN TARGET PACIFIC LIMITED** | : | **Case No. 17-10734 (JLG)** |
|  | : |  |
| Debtor. | : | **(Joint Administration Requested)** |

---------------------------------------------------------------x

## DECLARATION OF NG PUAY YEE
## PURSUANT TO LOCAL RULE 1007-2 AND IN SUPPORT OF
## ADDITIONAL DEBTORS' CHAPTER 11 PETITIONS AND FIRST DAY RELIEF

I, Ng Puay Yee, make this declaration ("**Declaration**") under 28 U.S.C. § 1746:

1.      I am authorized to submit this Declaration on behalf of Golden Target Pacific Limited ("**Golden Target**") and Nouvelle Foods International Ltd. ("**Nouvelle**," and together with Golden Target, the "**Additional Debtors**"), which are both affiliates of Pacific Andes International Holdings Limited ("**PAIH**") and certain other affiliated companies that each commenced in this Court a case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on June 30, 2016[1] or September 29, 2016.[2]  On March 27, 2017 (the

---

[1] Pacific Andes International Holdings Limited (Bermuda) – Case  No. 16-11890; China Fishery Group Limited (Cayman) – Case No. 16-11895; China Fisheries International Limited (Samoa) – Case No. 16-11896; N.S. Hong Investments (BVI) Limited – Case No. 16-11899; Super Investment Limited (Cayman) – Case No. 16-11903; Smart Group Limited (Cayman) – Case No. 16-11910; CFG Peru Investments Pte. Ltd. (Singapore) – Case No. 16-11914; CFGL (Singapore) Private Limited – Case No. 16-11915; Fortress Agents Limited (BVI) – Case No. 16-11916; Ocean Expert International Limited (BVI) – Case No. 16-11917; Growing Management Limited (BVI) – Case No. 16-11919; Target Shipping Limited (Hong Kong) – Case No. 16-11920; Chanery Investment Inc. (BVI) – Case No. 16-11921; Champion Maritime Ltd. (BVI) – Case No. 16-11922; Protein Trading Limited (Samoa) Case No. 16-119223; South Pacific Shipping Agency Ltd. (BVI) – Case No. 16-11924 (Jointly Administered under Case No. 16-11895) (collectively, the "**June 30 Debtors**").

[2] Pacific Andes Resources Development Limited ("**PARD**") – Case No. 16-12739 (PARD, together with the June 30 Debtors, the "**Initial Debtors**" and, collectively with the Additional Debtors, the "**Debtors**").

"**Petition Date**"), each of the Additional Debtors filed petitions with this Court under Chapter 11 of the Bankruptcy Code.

2.       I submit this Declaration on behalf of the Additional Debtors pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Southern District of New York (the "**Local Rules**") for the purpose of apprising the Court and parties-in-interest of the circumstances that compelled the commencement of these chapter 11 cases and in support of (i) the Additional Debtors' chapter 11 petitions and (ii) the Additional Debtors' motion seeking to make certain orders from the Initial Debtors' chapter 11 cases (the "**Affiliated Chapter 11 Cases**") applicable to the Additional Debtors and to establish procedures to provide similar relief for any affiliate of the Debtors that subsequently files a chapter 11 petition (the "**Order Extension Motion**").

3.       I am a director of Golden Target, and was authorized by the boards of both Golden Target and Nouvelle to file chapter 11 petitions for those entities and to file this Declaration in support thereof.  In addition, I am the Executive Chairman of Debtor PARD, the Managing Director of Debtor PAIH, the Chief Executive Officer of Debtor CFGL, and a Director of all of the Initial Debtors.  I am, among other things, responsible for the overall management of Debtors' corporate family (the "**Pacific Andes Group**") and oversee their ongoing reorganization efforts.  I have been employed by the Pacific Andes Group since 1995. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by employees working under my supervision, or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations, the Pacific Andes Group,  and the fishing industry generally.  If called upon to testify, I would testify competently to the facts set  forth  in  this  Declaration.

4.        This Declaration provides a summary overview of the Additional Debtors' businesses and the need for restructuring the businesses pursuant to chapter 11.  **Section I** provides relevant background; **Section II** describes the circumstances that compelled the commencement of these chapter 11 cases; and **Section III** provides a summary of the Order Extension Motion and the factual bases for the relief requested therein.  Lastly, **Section IV** identifies the attached schedules of or otherwise provides the information required by Local Bankruptcy Rule 1007-2.

## I.
## Background and Capital Structure[3]

5.        The Pacific Andes Group is one of the largest vertically integrated seafood companies in the world, with operations in China, the United States, and Peru involving, among other things, industrial fishing, production of fishmeal and fish oil, sourcing/harvesting, processing, distribution and trade of seafood products.

6.        The Affiliated Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 16-11895.  The Initial Debtors, other than CFG Peru Singapore, are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  William A. Brandt, Jr. was appointed chapter 11 trustee over CFG Peru Singapore pursuant to the order issued by the Court on November 10, 2016 [ECF No. 219, Case No. 16-11895 (JLG)].  No statutory committee of unsecured creditors has been appointed in the Affiliated Chapter 11 Cases.

---

[3] Unless otherwise indicated, the financial information contained herein is unaudited and provided on a consolidated basis for the Pacific Andes Group, which includes certain non-debtor entities.

7.    In addition to the Debtors, other entities in the Pacific Andes Group are or were the subject of bankruptcy, insolvency, or equivalent proceedings in courts outside of the United States.

*Golden Target*

8.    Golden Target is an International Business Company incorporated on March 1, 1995 under the laws of the British Virgin Islands.  Golden Target serves as an intermediate investment holding company within the Pacific Andes Group and is an indirect parent company of a subset of Pacific Andes Group companies that were formed and/or acquired between 2006 and 2013 (the "**China Fishery Group**").  The China Fishery Group is a key component of the Pacific Andes Group.  Indeed, China Fishery Group Limited (Cayman) ("**CFGL**"), part of the China Fishery Group, owns a number of operating subsidiaries, including entities involved in the Pacific Andes Group's lucrative fishmeal and fish oil operations.  Golden Target is also an indirect subsidiary of PARD, which is an indirect subsidiary of PAIH.

9.    As of the Petition Date, Golden Target has approximately $12,000 of cash as well as an interest in $100,000 on account with Weil, Gotshal & Manges LLP in New York (in the form of a retainer).  Golden Target's major assets consist of (i) approximately $108,000 in liquid securities, and (ii) its 70% equity interests in Zhonggang Fisheries Ltd. and 47% equity interests in Debtor Super Investment Limited, which in turn owns approximately 70% of CFGL.

10.    Golden Target is the borrower under (i) that certain convertible loan agreement, dated December 9, 2015, between Golden Target as borrower, Sahara Investment Group Private Limited as lender, PARD as guarantor, Richtown Development Ltd. as guarantor, Zhonggang Fisheries Limited as guarantor, and Andes International (Qingdao) Shipping Agency

as agent, for a principal amount of $4,000,000 (the "**December 9 Sahara Loan**"), and (ii) that

certain loan agreement, dated December 10, 2015, between Golden Target as borrower, Sahara

Investment Group Private Limited as lender, Pacific Andes Resources Development Limited as

guarantor, Richtown Development Ltd. as guarantor, and Zhonggang Fisheries Limited as

guarantor, for a principal amount of $5,000,000 (the "**December 10 Sahara Loan**").    The

December 9 Sahara Loan was subsequently partially converted into equity, which left

approximately $2,000,000 in principal outstanding and resulted in Sahara Investment Group

Private Limited owning approximately 1.5% of Golden Target.

*Nouvelle*

11.    Nouvelle is an International Business Company incorporated under the

laws of the British Virgin Islands on April 30, 1996 that has been inactive since 2014.  Prior to

2014, Nouvelle performed certain administrative functions for its affiliates, including acting as a

centralized cash management entity in PAIH's cash management system.  Nouvelle is an indirect

subsidiary of PAIH.

12.    As of the Petition Date, Nouvelle has an interest in $100,000 on account

with Weil, Gotshal & Manges LLP in New York (in the form of a retainer).  Nouvelle's only

significant asset is approximately $6,249,000 in intercompany receivables owed by affiliates

within the Pacific Andes Group.

**II.**
**Overview of Need for Chapter 11 Relief and Events**
**Compelling Commencement of Additional Debtors' Chapter 11 Cases**

13.    As the Court is aware, the Debtors faced financial difficulty and a liquidity

strain primarily as a result of the depleted Peruvian anchovy stock caused by the weather pattern

known as El Niño that, for the nearly three years leading up to the Initial Debtors'

commencement of the Affiliated Chapter 11 Cases, negatively impacted the anchovy fishing

industry in Peru and the operations of certain key operating companies in the Pacific Andes Group. A confluence of extreme weather conditions, adverse creditor actions, and financial difficulties, resulted in a number of the entities composing the Pacific Andes Group being involved in insolvency proceedings in the United States as well as other countries, including Singapore, Bermuda and the British Virgin Islands.

14. One of the primary reasons the Initial Debtors commenced the Affiliated Chapter 11 Cases was to bring the Pacific Andes Group's many creditors into a single forum so that its financial difficulties could be resolved in an efficient and transparent process and the entire group's capital structure could be reorganized in order to maximize value for all stakeholders. The Additional Debtors are filing voluntary petitions for chapter 11 protection for the same reasons, in addition to seeking to avoid the cost, expense, and distraction associated with maintaining multiple enforcement or insolvency proceedings in different jurisdictions throughout the world.

15. The Debtors and their advisors have recently initiated discussions with their key economic stakeholders in an attempt to identify the material interests of creditors and to develop the terms and structure of a restructuring that will benefit the Debtors' estates and creditors. As the Debtors, with the assistance of their advisors, continue to develop and analyze various restructuring alternatives, the Debtors are cognizant of the possibility that it may be necessary for additional affiliates to file chapter 11 petitions. Indeed, it is important to the Debtors' administration of the Affiliated Chapter 11 Cases that the corporate enterprises' assets are preserved and the Debtors are able to prevent adverse action from third parties that could frustrate their reorganization efforts. In that regard, additional filings may be necessary in the future.

16.     Significantly, the Additional Debtors are at risk of enforcement actions threatened by creditors in foreign jurisdictions.  In particular, on January 23, 2017, Pacific Andes Enterprises (BVI) Limited (in liquidation) served Nouvelle with a statutory demand in relation to amounts allegedly owed to Pacific Andes Enterprises (BVI) Limited by Nouvelle on account of intercompany cash flows.  If the demand is pursued further, Nouvelle may have to defend itself in a proceeding in the British Virgin Islands and face the risks attendant with such litigation, including the possibility of receiving an adverse judgment.  Consequently, I believe that it is in the best interests of Nouvelle, its estate, and its creditors for Nouvelle to file a voluntary petition for chapter 11 protection so that its estate can be efficiently managed and reorganized as part of the broader reorganization of the Pacific Andes Group already underway in this Court.

17.     As noted above and in prior pleadings, the Debtors' professionals continue to analyze intercompany claims in furtherance of formulating a chapter 11 plan that is fair and confirmable.  *See* ECF No. 402, *Motion of Certain Debtors for a Third Order Extending Exclusive Periods During Which Only Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof*.  As a result of such ongoing analysis, the Debtors believe that Golden Target may be similarly situated to Nouvelle and thus also at risk of having a statutory demand or other enforcement action commenced against it in the British Virgin Islands.  Golden Target has already been served with a letter of demand by the British Virgin Islands liquidators of Golden Target's affiliate Parkmond Group Limited.  Consequently, and for the same reasons outlined above with respect to Nouvelle, I believe that it is in the best interests of Golden Target, its estate, and its creditors for Golden Target to file a voluntary petition for chapter 11 protection so that its estate can be efficiently managed and reorganized as part of the broader restructuring efforts before this Court.

**III.**
**Order Extension Motion**[4]

18.    Concurrently herewith, the Additional Debtors have filed the Order

Extension Motion, which requests limited relief that is essential to transitioning the Additional

Debtors and any New Debtor into Chapter 11 and providing the Additional Debtors and any New

Debtor with an opportunity to work towards a successful restructuring that will benefit their

constituents and the balance of the Pacific Andes Group.

19.    The Order Extension Motion requests entry of an order (i) directing all generally

applicable (a) orders previously entered in the Initial Debtors' chapter 11 cases (the "**Preexisting**

**Orders**"), as identified on **Exhibit A** to the Order Extension Motion set forth below, and

(b) proposed orders currently pending before the Court in the Initial Debtors' chapter 11 cases

(the "**Pending Orders**") apply to the Additional Debtors in their chapter 11 cases, and

(ii) establishing procedures (the "**New Debtor Procedures**") for extending the relief requested in

applicable orders entered in the Additional Debtors' chapter 11 cases and the Affiliated Chapter

11 Cases (together, collectively, the "**Chapter 11 Cases**") to any future filing of any affiliate of

the Debtors.

20.    The Order Extension Motion requests that the following Preexisting Orders be

made applicable to the Additional Debtors:

| ECF No. | Preexisting Order |
|---------|-------------------|
| 26 | Order Enforcing Sections 362, 365, and 525 of The Bankruptcy Code |
| 27 | Order Granting Motion for Joint Administration |
| 88 | Order Authorizing Retention and Employment of RSR Consulting, LLC as Restructuring Consultant for Debtors and Debtors in Possession effective *Nunc* |

---

[4] Capitalized terms used in this section shall have the meanings ascribed to them in the Order Extension Motion.

| ECF No. | Preexisting Order |
|---------|-------------------|
|  | *Pro Tunc* to Petition Date |
| 92 | Order Authorizing Retention and Employment of Goldin Associates, LLC as Financial Advisor to Debtors and Debtors in Possession effective *Nunc Pro Tunc* to Petition Date |
| 93 | Order Authorizing the Debtors to (A) Continue their Cash Management System, (B) Honor certain prepetition obligations related thereto, and (C) Maintain existing Bank Accounts |
| 199 | Order Establishing procedures for Monthly Compensation and Reimbursement of Expenses of Professionals |
| 295 | Order Implementing Procedures to Retain, Compensate and Reimburse Professionals Utilized in the Ordinary Course of Business |

21.     The Debtors seek application of the Preexisting Orders and the Pending Orders as if the Additional Debtors were the Debtors defined within each such order, with the limited exception that (i) the Preexisting Orders will be effective as to Golden Target and Nouvelle as of the date the Additional Debtors commenced their chapter 11 cases, and (ii) the Pending Orders will apply to Golden Target and Nouvelle effective as of the date of their entry by this Court. The Debtors also seek to establish the New Debtor Procedures that provide for the orders entered in the Chapter 11 Cases to be made applicable to any New Debtor.

22.     The Debtors seek the relief requested in an effort to eliminate the filing of duplicative applications and motions and, therefore, reduce the burdens on this Court and on parties in interest.  The relief set forth in each of the Preexisting Orders and Pending Orders is necessary for Nouvelle and Golden Target to smoothly transition into Chapter 11 with minimum delay, costs, and expenses for the benefit of all parties in interest.  Indeed, the Debtors seek to save considerable time and expense for their estates and reduce the burden on the Court and parties in interest by proceeding in this manner.  Similarly, in the event that an affiliate of the

Debtors subsequently files a chapter 11 petition in this Court, I understand that such New Debtor will also need the same relief obtained by the Initial Debtors and sought by the Additional Debtors in the Order Extension Motion.  For example, I understand that the Preexisting Orders deal with, among other things, the joint administration of the Chapter 11 Cases, the retention and compensation of professionals, enforcement of the automatic stay extant under section 362 of the Bankruptcy Code, and continuation of the Initial Debtors' cash management system.

23.     Accordingly, on behalf of the Additional Debtors, I respectfully submit that the relief requested in the Order Extension Motion is in the best interests of the Additional Debtors' estates, and should be granted.

## IV.
## Disclosures Pursuant to Local Rule 1007-2

24.     Local Rule 1007-2 requires certain information related to the Additional Debtors, which is set forth below.

25.     Pursuant to Local Rule 1007-2(a)(3), the Additional Debtors represent that there are no additional committees organized in relation to the Additional Debtors, and the names and addresses of the members of, and attorneys for, each committee organized prior to the commencement of the Affiliated Chapter 11 Cases and a brief description of the circumstances surrounding the formation of the committees and the date of their formation are set forth in the 1007-2 Declarations previously filed with this Court.

26.     Pursuant to Local Rule 1007-2(a)(4), **Exhibit A** lists the following information with respect to each of the holders of the Additional Debtors' thirty (30) largest unsecured claims on a consolidated basis, excluding claims of insiders:  the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the

10

Debtors' accounts, the approximate amount of the claim, and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.

27.     Pursuant to Local Rule 1007-2(a)(5), the Additional Debtors represent that there are no holders of secured claims.

28.     Pursuant to Local Rule 1007-2(a)(6), **Exhibit B** hereto provides a summary of the Additional Debtors' consolidated assets and liabilities.

29.     Pursuant to Local Rule 1007-2(a)(7), the Additional Debtors represent that their securities are not publicly held.

30.     Pursuant to Local Rule 1007-2(a)(8), the Additional Debtors represent that none of the Additional Debtors' property is in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, secured creditor, or agent for any such entity.

31.     Pursuant to Local Rule 1007-2(a)(9), the Additional Debtors represent that they do not own, lease, or hold under other arrangement any premises from which the Additional Debtors operate their business.

32.     Pursuant to Local Rule 1007-2(a)(10), the Additional Debtors' books and records  are located at Rooms 3201-10, Hong Kong Plaza, 188 Connaught Road West, Hong Kong.  The Additional Debtors' major assets that are located outside of the United States are set forth on **Exhibit C** attached hereto.

33.     Pursuant to Local Rule 1007-2(a)(11), **Exhibit D** hereto provides a list of the nature and present status of each action or proceeding, pending or threatened, against the Additional Debtors or their property where a judgment against the Additional Debtors or a seizure of their property may be imminent.

34.    Pursuant to Local Rule 1007-2(a)(12), **Exhibit E** hereto provides a list of the names of the individuals who comprise the Additional Debtors' existing senior management, their tenure with the Additional Debtors, and a brief summary of their relevant responsibilities and experience.

35.    Pursuant to Local Rule 1007-2(b)(1)-(2)(A), the Additional Debtors represent that they do not have any employees, and the Additional Debtors do not intend to pay any officers, stockholders, directors, members, or financial and business consultants in the thirty (30) day period following the filing of the Additional Debtors' chapter 11 petitions.

36.    Pursuant to Local Rule 1007-2(b)(3), the Additional Debtors represent that for the thirty (30) day period following the filing of the chapter 11 petitions, there will be no cash receipts and disbursements, net cash gain or loss, obligations, and receivables expected to accrue that remain unpaid, other than professional fees.

*[The remainder of this page is left intentionally blank]*

I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

*/s/ Ng Puay Yee*

**Ng Puay Yee**
Executive Chairman, Pacific Andes Group
Authorized Signatory, Nouvelle Foods International Ltd.
Director, Golden Target Pacific Limited

## **EXHIBIT A**

**Consolidated List of 30 Largest Unsecured Claims (Excluding Insiders)**

**CONSOLIDATED LIST OF CREDITORS (WHO ARE NOT
INSIDERS) HOLDING THE 30 LARGEST UNSECURED CLAIMS[1]**

| | Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|
| 1 | Rabobank Intl, HK 32/F, 3 Pacific Place I Queens Road East Hong Kong | $96,503,494.62 |
| 2 | DBS Bank (HK) Ltd<br>16th Fl, The Center<br>99 Queens Road<br>Central Hong Kong | $96,503,494.62 |
| 3 | HSBC<br>L16, HSBC Main Bldg<br>1 Queen's Road<br>Central, Hong Kong | $96,503,494.62 |
| 4 | Standard Chartered Bnk<br>(HK) Ltd<br>15/F, Stndrd Charter Bnk Bldg<br>4-4A Des Voeux Road<br>Central Hong Kong | $96,503,494.62 |
| 5 | China CITIC Bnk Intl Ltd<br>80th Fl, Intl Commerce Cntr<br>1 Austin West<br>Kowloon<br>Hong Kong | $32,167,831.54 |
| 6 | TMF Trustee Ltd<br>Corporate Trust<br>5th Fl, 6 St. Andrew St<br>London, EC4A 3AE<br>United Kingdom | $296,000,000.00 |
| 7 | Rabobank NFS Finance<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | $102,000,000.00 |
| 8 | Maybank<br>18/F CITIC Tower<br>1 Tim Mei Avenue<br>Central Hong Kong | $95,000,000.00 |

---

[1] The following chart sets forth a consolidated list of creditors (excluding insiders) who hold the 30 largest unsecured claims against the Debtor and its affiliated Debtors jointly administered under case number 16-11895.

[2] The Debtor and each of its affiliated Debtors reserve all rights to assert that any of the amounts set forth herein reflect claims that are contingent, unliquidated or disputed.

| Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|
| 9 | Rabobank<br>Pickenpack Facility Agmnt<br>32/F, Three Pacific Place<br>1 Queens Road East<br>Hong Kong | $94,375,235.00 |
| 10 | Tapei Fubon Com Bk Co Ltd<br>12F 169, Sec 4, Ren Ai Rd<br>Taipei, 106886<br>Taiwan | $72,000,000.00 |
| 11 | CITIC<br>61-65 Des Voeux Road<br>Central Hong Kong | $70,900,000.00 |
| 12 | DBS<br>16th Floor, The Center<br>99 Queens Road<br>Central Hong Kong | $58,000,000.00 |
| 13 | Maybank<br>18/F CITIC Tower<br>1 Tim Mei Avenue<br>Central Hong Kong | $40,000,000.00 |
| 14 | Bank of America, N.A.<br>52/F. Cheung Kong Center<br>2 Queen's Road Central<br>Central Hong Kong | $30,000,000.00 |
| 15 | Bank of America<br>52/F, Cheung Kong Center<br>2 Queens Rd Central<br>Central Hong Kong | $30,000,000.00 |
| 16 | Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | $22,000,000.00 |
| 17 | Brndbrg Mrt Invst Hldng<br>L8, Medine Mews<br>La Chaussee<br>Port Louis, Mauritius | $15,558,581.87 |
| 18 | Andes Int'l Qingdao Ship<br>N67 Yin Chuan Xi Rd, BID<br>Qingdao Amintn Ind Pk 4F1<br>Qingdao City 266000<br>Shandong Province, China | $13,651,769.99 |
| 19 | Rabobank<br>32/F, 3 Pacific Place<br>1 Queens Road East<br>Hong Kong | $12,000,000.00 |

| Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|
| 20 Fubon<br>Fubon Bank<br>38 Des Voeux Road<br>Central Hong Kong | $11,000,000.00 |
| 21 Standard Charter Bank<br>Standard Charter Bank Building<br>5/F 4-4A Des Voeux Rd<br>Central Hong Kong | $8,000,000.00 |
| 22 Sahara Investment Group Private Limited<br>#12-51 Anson Centre, 51 Anson Road.<br>Singapore 079904 | $6,494,779.53 |
| 23 KBC Bank N.V.,<br>Hong Kong Branch<br>39/F. Central Plaza<br>18 Harbour Road<br>Hong Kong | $1,954,589.52 |
| 24 DLA PIPER HONG KONG<br>17th Flr, Edinburgh Twr<br>The Landmark<br>15 Queen's Road Central<br>Hong Kong | $1,789,232.13 |
| 25 Grant Thornton Recovery<br>Level 12, 28 Hennessy Rd<br>Wanchai<br>Hong Kong | $907,427.24 |
| 26 Brndbrg Nam Invt Co<br>Erf 2347 10th St E<br>Industrial Area<br>PO Box 658 Walvisbay<br>Republic of Namibia | $783,559.21 |
| 27 Deloitte Touche Tohmatsu<br>35/F One Pacific Place<br>88 Queensway<br>Hong Kong | $682,261.03 |
| 28 Baraka Seari Ltd<br>Rm 1401-2<br>Easey Comercial Bldng<br>253-261 Hennessy Rd<br>Wanchai, Hong Kong | $657,200.00 |
| 29 Meridian Invst Group Pte<br>138 Cecil Street<br>#12-01 A Cecil Court<br>Singapore 069538<br>Singapore | $442,001.97 |

| Name of creditor and complete mailing address, including zip code | Amount of unsecured claim[2]<br>If the claim is fully unsecured. fill in only unsecured claim amount. If claim is partially secured. fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|
| 30 | Taishin<br>No. 118, Sec 4, Ren-ai Rd<br>Da-an District<br>Taipei City 106<br>Taiwan | $400,000.00 |

**<u>EXHIBIT B</u>**


**Assets and Liabilities**

**Balance Sheets**

Pursuant to Local Rule 1007-2(a)(6), the following balance sheets provide a summary of each Additional Debtors' assets and liabilities.  These balance sheets are unaudited, subject to change, and include certain items that remain under review by the Additional Debtors and may be accounted for differently in future reports.

**Nouvelle Foods International Ltd.**
**Balance Sheet (Unaudited), as of March 27, 2017**

|  | $USD |
|---|---|
| **Current Assets** | |
| Prepayments and deposits | 100,000 |
| Amount due from related companies | 6,249,418 |
| **Total Assets** | **6,349,418** |
| **Current Liabilities** | |
| Amount due to related companies | 120,199 |
| Other payable | 1,825,186 |
| Bank overdrafts | 129,404 |
|  | 2,074,789 |
| **Net Assets** | **4,274,629** |
| **Share Capital and Reserves** | |
| Share Capital | 1 |
| Retained earnings | 4,274,628 |
|  | **4,274,629** |

## Golden Target Pacific Limited
## Balance Sheet (Unaudited), as of March 27, 2017

|  | $ USD |
|---|---|
| **Non-Current Assets** | |
| Investments in subsidiaries | 376,235,098 |
| Available-for-sale investments | 108,395 |
| | **376,343,493** |
| | |
| **Current Assets** | |
| | |
| Amount due from related companies | 788 |
| Bank balances | 11,850 |
| Other current assets | 127,394 |
| | **140,031** |
| | |
| **Total Assets** | **376,483,525** |
| | |
| | |
| **Current Liabilities** | |
| Other payables and accrual expenses | 340,780 |
| Amount due to related companies | 326,269,879 |
| Other borrowings | 6,154,000 |
| | **332,764,658** |
| | |
| **Net Assets** | **43,718,866** |
| | |
| | |
| **Share Capital and Reserves** | |
| Share Capital | 9,340 |
| Share Premium | 27,959,362 |
| Retained earnings | 15,750,164 |
| | **43,718,866** |

# **EXHIBIT C**

**Assets Located Outside the United States**

**Assets outside of the United States**

Pursuant to Local Rule 1007-2(a)(10), to the best of the Additional Debtors' knowledge and belief, the following is a list of the Additional Debtors' major assets located outside of the United States:

| Debtor | Asset | Approximate Value | Location |
|---|---|---|---|
| Nouvelle Foods International Ltd. | N/A | N/A | N/A |
| Golden Target Pacific Limited | 1. Bank accounts and brokerage accounts<br><br>2.  Liquid securities | $39,243<br><br>$108,395 | Multiple<br><br>Multiple |

Exhibit C – Page 1

# EXHIBIT D

**Actions Pending or Threatened**

**Actions Pending or Threatened**

Pursuant to Local Rule 1007-2(a)(11), to the best of the Additional Debtors' knowledge and belief, the following is a list of the nature and present status of each action or proceeding, pending or threatened, against the Additional Debtors or their properties where a judgment against the Additional Debtors or a seizure of their property may be imminent.

| Debtor | Action or Proceeding | Nature of Proceeding | Status of the Proceeding |
|---|---|---|---|
| Nouvelle Foods International Ltd. | BVIHC (Com) 0017 of 2017 Nouvelle Foods International Ltd v. Pacific Andes Enterprises (BVI) Limited (In Liquidation) | Statutory Demand | Pending |
| Golden Target Pacific Limited | Demand Letter to Golden Target Pacific Limited, dated March 7, 2017, sent by Parkmond Group Limited (In Liquidation) | Collection / Repayment | Threatened |

## **EXHIBIT E**

**Senior Management**

**Senior Management**

Pursuant to Local Rule 1007-2(a)(12), the following tables provide the names of the individuals who comprise the Additional Debtors' existing senior management, a description of their tenure with the Additional Debtors, and a brief summary of their relevant responsibilities and experience.

**Nouvelle International Foods Ltd.**
**Chapter 11 Case No. 17-10733 (JLG)**

| Name & Position | Tenure, Responsibilities & Experience |
|---|---|
| Ng Joo Kwee<br>Director | Ng Joo Kwee was appointed as a Director of Nouvelle on May 15, 1996. Ng Joo Kwee also serves as (i) the Executive Director of Initial Debtor Pacific Andes Resources Development Limited, an indirect parent company of Nouvelle and (ii) the Executive Chairman of Initial Debtor China Fishery Group Limited (Cayman).<br><br>Ng Joo Kwee oversees the sourcing, processing, sales and marketing activities of the Pacific Andes Group.  He studied at Southeastern Louisiana University in Hammond, Louisiana. |
| Ng Joo Puay<br>Director | Ng Joo Puay was appointed as a Director at Nouvelle on May 15, 1996.  Ng Joo Puay also serves as the (i) Managing Director of Initial Debtor Pacific Andes Resources Development Limited and (ii) Executive Director of Initial Debtor Pacific Andes International Holdings Limited, the indirect parent company of Nouvelle.<br><br>Ng Joo Puay is responsible for corporate planning and policy administration of the Pacific Andes Group.  He graduated from Loyola University in New Orleans, Louisiana with a degree in business administration.  He has over 20 years of experience in the seafood trading business.  Prior to joining the Debtors in 1987, Ng Joo Puay was a trading manager with a fish trading company in Taiwan for three years. |

**Golden Target Pacific Limited**
**Chapter 11 Case. No 17-10734 (JLG)**

| Name & Position | Tenure, Responsibilities & Experience |
|---|---|
| Ng Joo Puay<br>Director | Ng Joo Puay was appointed as a Director of Golden Target on May 16, 1996.  Ng Joo Puay also serves as the (i) Managing Director of Initial Debtor Pacific Andes Resources Development Limited, the indirect parent company of Golden Target, and (ii) Executive Director of Initial Debtor Pacific Andes International Holdings Limited, the indirect parent company of Golden Target.<br><br>Ng Joo Puay is responsible for corporate planning and policy administration of the Pacific Andes Group.  He graduated from Loyola University in New Orleans, Louisiana with a degree in business administration.  He has over 20 years of experience in the seafood trading business.  Prior to joining the Debtors in 1987, Ng Joo Puay was a trading manager with a fish trading company in Taiwan for three years. |
| Ng Puay Yee<br>Director | Ng Puay Yee was appointed as a Director of Golden Target on December 22, 2015.  She also serves as (i) the Executive Chairman of Pacific Andes Resources Development Limited, an indirect parent of company of Golden Target, and (ii) a managing director of Pacific Andes International Holdings Limited, an indirect parent company of Golden Target.<br><br>Ng Puay Yee is responsible for global sales and marketing of the Pacific Andes Group's frozen fish and seafood products.  In addition, she also oversees the Group's global raw material sourcing.  She graduated from Indiana University with a degree in mass communication. |